United States District Court
Southern District of Texas

**ENTERED**

May 28, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO RODRIGUEZ TAMAYO, | § § | CIVIL ACTION NUMBER 4:26-cv-02691 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Pedro Rodriguez Tamayo filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 3, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b), after being previously detained and released on his own recognizance pursuant to 8 USC §1226(a), violates the Due Process Clause of the Fifth Amendment and exceeds statutory authority. Id at ¶¶16, 21–61.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 5 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 8. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2.

It further contends that Petitioner's prior release pursuant to 8 USC §1226(a) in no way constrains the Government from re-detaining him under §1225(b). Id at 4–5. And it notes that prior release "may be revoked at any time" in the discretion of immigration officials under applicable regulations. Id at 8, quoting 8 CFR §236.1(c)(9).

Petitioner on reply reasserts his contentions with respect to due process.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on

supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

The arguments presented by Petitioner in the petition and reply brief largely raise issues resolved to the contrary in the decisions cited above. As indicated in the original notice to appear submitted with the petition, Petitioner "has not been admitted or paroled" into the United States. Dkt 1-2 at 1. Factual contentions in Petitioner's reply brief don't meaningfully distinguish her case or avoid the otherwise clearly applicable mandate of §1225(b). See Dkt 9 at 4–5. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Pedro Rodriguez Tamayo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 27, 2026__ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3